**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LEONID SHAPSIS, et al.,

                           Plaintiffs,

               - against -

LEONID SHEKHETS, et al.,

                           Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 05-5555 (ARR) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

I write *sua sponte* to recommend, for the reasons set forth below, that the court dismiss this action without prejudice to reopening within 60 days if the settlement that the parties have reportedly reached is not consummated within that period.

I.    Background

Plaintiffs Leonid Shapsis and Edward Malishkevich commenced this action by filing a complaint against defendant Leonid Shekhets on November 29, 2005. On September 7, 2006, the plaintiffs filed an amended complaint naming as new defendants Alex Kogan and John Litman, neither of whom has yet been served process. Notwithstanding the fact that the recently added defendants have not yet been served, they have participated, along with the other parties, in negotiations to settle this case.

On September 27, 2006, the plaintiffs' counsel reported that those efforts had succeeded and that the parties had reached a "tentative settlement" that contemplated the dismissal of both this case and a related action in state court. Docket Entry ("DE") 28 at 1. Counsel assured me at that time, in the context of asking me to adjourn an impending conference, that the parties "anticipate finalizing the complete settlement in the next few weeks and will then file a

[stipulation of] discontinuance." *Id*. at 2. I granted the request and adjourned the conference to October 27, 2006, with the proviso that I would cancel the conference if a stipulation of dismissal was filed by October 25, 2006. Order dated September 28, 2006.

No such stipulation was filed. Instead, less than 24 hours before the rescheduled conference date, the plaintiffs' counsel again submitted a letter asking me to adjourn for another month. As in his prior letter, counsel assured me that the parties "hope[d] to finalize a complete settlement in the next few weeks and will then file a [stipulation of] discontinuance." DE 30. I granted the request and adjourned the conference to November 29, 2006, with the proviso that I would cancel the conference if a stipulation of dismissal was filed by November 27, 2006. Order dated October 26, 2006.

Once again, no stipulation was filed, and once again, the plaintiffs' counsel submitted a last-minute request asking to delay the conference, albeit this time only for ten days. DE 31. In making the request, counsel reported substantial progress in finalizing the settlement, including the preparation of a Settlement Agreement that had been distributed to all parties, and expressed the hope "that the settlement can be finalized without further Court assistance." *Id*. at 2. In light of counsel's track record of last-minute requests, which were needlessly complicating my scheduling of other matters, and out of an abundance of caution, I adjourned the conference 30 days instead of the requested ten, and cautioned that I would grant no further extensions absent extraordinary circumstances. Order dated November 28, 2006.

On December 22, 2006, the plaintiffs' counsel asked for yet another adjournment of ten days, citing one minor matter that required some time to resolve and taking me to task for scheduling a conference without consulting the counsel for an interested non-party who would be

on vacation at the time scheduled for the conference. DE 32. At counsel's request, and in the hope of finally achieving a resolution of the case, I granted the application and rescheduled the conference for January 9, 2007 – again with the proviso that the submission of a stipulation of dismissal in advance would obviate the need for the conference. Order dated December 26, 2006.

Again, notwithstanding the repeated assurances from plaintiffs' counsel that all was in order, no stipulation was filed. I therefore proceeded with the conference on January 9, 2007, to try to determine the status of the settlement and, if no stipulation of discontinuance was imminent, to put the parties back on track to resolve their differences through litigation. Counsel for defendant Shekhets appeared, as did counsel for the interested non-party corporation. Defendants Kogan and Litman, never having been served, did not appear. More surprising was the absence of the attorney representing the plaintiffs – at whose request I had repeatedly adjourned the conference and who had repeatedly assured me that the parties were making progress toward finalizing their settlement agreement. The appearing parties expressed the view that the case remains settled and could not explain why a stipulation of discontinuance has not been executed. They both also consented to have this case dismissed without prejudice to reopening it if the settlement was not consummated. *See* DE 33.

II. Discussion

As far as I can determine from the parties, they have resolved their differences, and further litigation in this court would be a waste of resources. By their attorney's absence from the conference of January 9, 2007 – a conference that was adjourned several times to accommodate that attorney's wishes – the plaintiffs' waived their opportunity to explain why it has taken so long

to discontinue a case that has reportedly been settled for over three months. Two other parties have never been served and therefore have no reason to object to a dismissal without prejudice, *cf.* Fed. R. Civ. P. 41(a)(1)(I), and the remaining parties consent to the relief I now propose.

In addition, to the extent that the alternative to dismissal without prejudice is at least one more conference where the plaintiffs can appear through counsel, explain why the case should remain active, and engage in the discussion that was supposed to occur at the conference on January 9, 2007, it is of questionable benefit to the plaintiffs. If it is true, as their counsel had repeatedly represented, that the parties have in fact settled the case, then a further conference is unnecessary, and would only add to the plaintiffs' burdens.[1] Moreover, a further conference will do nothing to preserve the plaintiffs' rights any better than the resolution I propose, as the plaintiffs would have the opportunity to seek to reopen the case within 60 days if the settlement they assure me has been reached is not consummated.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court dismiss this action without prejudice to reopening within 60 days if the settlement that the parties have reportedly reached is not consummated within that period.

---

[1] I have scheduled a further conference for February 9, 2007, in the event this case is still open at that time. Pursuant to Fed. R. Civ. P. 16(f), if the parties must indeed convene again to conduct the discussion that could and should have taken place on January 9, 2007, I will require the plaintiffs to reimburse the other parties' costs, including reasonable attorneys' fees, in attending the latter conference, unless the plaintiffs can demonstrate why their attorney's absence was substantially justified or why such an award would be unjust.

IV.     Objections

This Report and Recommendation will be filed on the docket via the court's ECF docketing system and is deemed served on all appearing parties as of the date of such filing. I direct the plaintiffs' attorney to serve a copy of this Report and Recommendation on *pro se* defendants Alex Kogan and John Litman, and to file proof of such service no later than January 12, 2007. Any objection to this Report and Recommendation must be filed no later than January 29, 2007. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
       January 9, 2007

                                        /s/ James Orenstein
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge